Filed 9/8/16  In re M.M. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re M.M, a Person Coming Under the Juvenile Court Law. | B270307 (Los Angeles County Super. Ct. No. YJ38353) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>M.M,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David S. Wesley, Judge.  Affirmed.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Minor M.M. appeals from the order declaring him a ward of the court pursuant to Welfare and Institutions Code section 602 after the delinquency court sustained a petition alleging that M.M. committed second degree robbery (Pen. Code, § 212.5), driving or taking a vehicle without the consent of the owner (Veh. Code, § 10851, subd. (a)), and misdemeanor evading a peace officer (Veh. Code, § 2800.1). The court ordered M.M. removed from parental custody and placed in the camp-community placement program for a period of five to seven months. His maximum period of confinement was fixed at six years.

Viewed in the light most favorable to the judgment, testimony at the adjudication established that M.M. and five others youths, some armed with knives, surrounded two males near a shopping center in Rolling Hills. M.M. asked what the two males were looking at. One of the males ran to a nearby store for help. The remaining male was told to empty his pockets and handed over a debit card, earphones, and black jacket to M.M. Another youth took his cell phone.

At the same time as the robbery was taking place, a customer parked a Ford Windstar at a gas station across the street from the shopping center. While the customer was in the store, M.M. entered the Windstar and drove off. He was spotted driving the Windstar shortly thereafter by a deputy sheriff. M.M. ignored the lights and siren that were activated on the sheriff's car. The Windstar eventually stopped and its occupants exited. M.M. was caught nearby, wearing the robbery victim's black jacket. M.M. stated that he took the van because he needed a ride, and did not stop because he was paranoid. He denied committing the robbery.

M.M. filed a timely notice of appeal. This court appointed counsel for M.M. on appeal. Appointed counsel filed a brief raising no issues, but requesting this court to independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. M.M. was advised on his right to file a supplemental brief within 30 days. No brief has been received from M.M.

We have completed our independent review of the record. There are no arguable

2

appellate issues.  M.M. was represented at all stages of the proceedings by competent counsel.  The judgment is supported by substantial evidence.  The disposition is within the broad discretion of the juvenile court.  No error appears in the appellate record.

The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


TURNER, P.J.


KUMAR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.